UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAURAV BANERJEE, Individually and
On Behalf of All Others Similarly
Situated,

                      Plaintiff,

    vs.

ZHANGMEN EDUCATION INC., YI
ZHANG, RICKY KWOK YIN NG,
TENG YU, COGENCY GLOBAL INC.,
COLLEEN A. DEVRIES, MORGAN
STANLEY & CO. LLC and CREDIT
SUISSE SECURITIES (USA) LLC,

                 Defendants.

Case No.  1:21-cv-09634-JPO

ORAL ARGUMENT REQUESTED


**REPLY MEMORANDUM OF LAW OF THE UNDERWRITER DEFENDANTS
IN FURTHER SUPPORT OF THEIR JOINDER IN THE MOTION OF
ZHANGMEN EDUCATION INC., COGENCY GLOBAL INC., AND COLLEEN
A. DEVRIES TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**


O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Morgan Stanley
& Co. LLC and Credit Suisse Securities
(USA) LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT.................................................................................................................... 3

RULE 9(b) REQUIRES THAT THE AC'S SOUNDING-IN-FRAUD SECTION 11
CLAIM PLEAD FACTS GIVING RISE TO A STRONG INFERENCE OF
SCIENTER, WHICH IT FAILS TO DO. ....................................................................... 3

CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold Chevrolet LLC v. Trib. Co.*,
  2007 WL 2743490 (E.D.N.Y. Sept. 17, 2007) ............................................................ 7

*Caiafa v. Sea Containers Ltd.*,
  2008 WL 11516813 (S.D.N.Y. May 15, 2008) ............................................................ 4

*In re Chembio Diagnostics, Inc. Sec. Litig.*,
  2022 WL 2872671 (E.D.N.Y. July 21, 2022) .............................................................. 4

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*,
  752 F.3d 173 (2d Cir. 2014) ........................................................................................ 3

*In re Corning*,
  2004 WL 1056063 (W.D.N.Y. Apr. 9, 2004) .............................................................. 7

*Coronel v. Quanta Cap. Holdings, Ltd.*,
  2009 WL 174656 (S.D.N.Y. Jan. 26, 2009) ............................................................ 4, 8

*DiLeo v. Ernst & Young*,
  901 F.2d 624 (7th Cir. 1990) ....................................................................................... 8

*Geiger v. The Solomon-Page Grp.*,
  933 F. Supp. 1180 (S.D.N.Y. 1996) ......................................................................... 4, 8

*In re Gentiva Sec. Litig.*,
  932 F. Supp. 2d 352 (E.D.N.Y. 2013) ......................................................................... 8

*Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*,
  95 F. Supp. 2d 169 (S.D.N.Y. 2000) ......................................................................... 4, 5

*In re JP Morgan Chase Sec. Litig.*,
  363 F. Supp. 2d 595 (S.D.N.Y. 2005) ......................................................................... 4

*Ladmen Partners, Inc. v. Globalstar, Inc.*,
  2008 WL 4449280 (S.D.N.Y. Sept. 30, 2008) ....................................................... 2, 4, 8

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006) ......................................................................................... 6

**TABLE OF AUTHORITIES (cont'd)**

**Page(s)**

*In re Livent, Inc. Noteholders Secs. Litig.*,
  151 F. Supp. 2d 371 (S.D.N.Y. 2001)............................................................................ 1

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015).................................................................................... 3, 5, 6

*In re Refco, Inc. Sec. Litig.*,
  503 F. Supp. 2d 611 (S.D.N.Y. 2007)........................................................................... 4

*Rombach v. Chang*,
  355 F.3d 165 (2d Cir. 2004)................................................................................... 3, 7

*S. Cherry St., LLC v. Hennessee Grp. LLC*,
  573 F.3d 98 (2d Cir. 2009)...................................................................................... 8

*Wexner v. First Manhattan Co.*,
  902 F.2d 169 (2d Cir. 1990).................................................................................... 6

*In re WRT Energy Sec. Litig.*,
  1999 WL 178749 (S.D.N.Y. Mar. 31, 1999) ................................................................. 8

iii

## PRELIMINARY STATEMENT[1]

The Underwriter Defendants respectfully submit this reply memorandum of law in further support of their joinder in Defendants' Motion to Dismiss the Amended Class Action Complaint. As Zhangmen shows in its reply brief:

- Rule 9(b)'s heightened pleading standard applies, because (i) the AC sounds in fraud by alleging that "the true scope and effect of these proposed measures [on the after-school tutoring industry] were known to but undisclosed by Defendants" (AC ¶ 41), even though Plaintiff tries in vain to abandon that allegation in the Opposition, *see In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 432 (S.D.N.Y. 2001) ("The complaint cannot, of course, be amended by the briefs in opposition to a motion to dismiss."); and (ii) Plaintiff concedes in the Opposition that the AC alleges that Zhangmen "falsely describe[d]" its belief regarding its ability to obtain a private school operating permit and "subjectively perceived difficulties and wanted to get the offering done before those difficulties crystalized" (*see* Zhangmen Reply 1–3).

- Plaintiff's reformulation of the AC as alleging that the Offering Documents somehow downplayed the risks associated with the unreleased Opinions is unavailing because (i) the Offering Documents described in detail the potential reforms as reported by official media sources, and warned that the government could "prohibit[] inappropriate capital activities and profiteering" or "order [Zhangmen] to suspend [its] operations or to adjust or substantially limit [its] operations"; and (ii) other pre-IPO media reports and government pronouncements Plaintiff argues should have been referenced in the Offering Documents were publicly available (*see id.* 3–8).

- Plaintiff has not pleaded a factual basis to support the argument that the SAMR had authority over Zhangmen's private school operating permit, and thus that Zhangmen (i) had a duty to disclose additional details about the June 2021 SAMR Fine or (ii) did not honestly hold, or lacked a reasonable basis for, the

---

[1] For purposes of this memorandum, (i) "Underwriters' Brief" or "UW Mem. __" shall mean the Memorandum of Law in Support of the Underwriter Defendants' Joinder in the Motion of Zhangmen Education Inc., Cogency Global, Inc., and Colleen A. Devries to Dismiss the Amended Class Action Complaint, ECF No. 42; (ii) "Zhangmen Brief" shall mean the Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint, ECF No. 39; (iii) "Opposition" or "Opp. __" shall refer to Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss, ECF No. 44; and (iv) "Zhangmen Reply" shall refer to the Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint, ECF No. 45. Unless otherwise specified, all other capitalized terms shall have the meanings ascribed to them in the Underwriters' Brief, all emphasis is added, and all internal citations and quotations are omitted.

1

opinion expressed in the Offering Documents about its private school operating permit prospects (*see id.* 8–10).

The Underwriter Defendants join in these arguments, which require the AC's dismissal as to the Underwriter Defendants as well.  As to the Rule 9(b) pleading requirement, Plaintiff does not dispute that the AC sweeps the Underwriter Defendants within his broad and unfounded allegation that Defendants had knowledge of the unreleased Opinions but failed to disclose them.  (*See* UW Mem. 2–3, citing AC ¶¶ 35, 41, 68, 70.)  Because the AC is based on allegations of "essentially fraudulent" conduct and "makes no effort whatsoever to distinguish the Underwriter Defendants from [other] Defendants," the Section 11 claim against the Underwriter Defendants sounds in fraud.  *Ladmen Partners, Inc. v. Globalstar, Inc.*, 2008 WL 4449280, at \*12–13 (S.D.N.Y. Sept. 30, 2008); *see* Zhangmen Reply 2; UW Mem. 2–3.

The Underwriter Defendants respond separately in this reply brief to Plaintiff's argument (Opp. 23–24) that a plaintiff need not plead scienter for a Section 11 claim that sounds in fraud.  That incorrect argument fails to address on-point cases, distorts the cases Plaintiff does cite, and ignores a well-established purpose of Rule 9(b):  to protect the reputations of industry participants from unfounded fraud allegations.  Because the AC concededly does not plead any of the Underwriter Defendants' (or any Defendants') scienter, it should be dismissed on this basis as well.

2

**ARGUMENT**

**RULE 9(b) REQUIRES THAT THE AC'S SOUNDING-IN-FRAUD SECTION 11 CLAIM PLEAD FACTS GIVING RISE TO A STRONG INFERENCE OF SCIENTER, WHICH IT FAILS TO DO.**

Plaintiff concedes that the AC does not plead scienter as to any Defendant, including the Underwriter Defendants—either collectively or individually.  (*See* Opp. 23 (conceding that "the Complaint does not even mention scienter" and "the Complaint does not allege scienter, to which all parties agree")).)  Plaintiff instead argues that scienter pleading is not required for a Section 11 claim that sounds in fraud.  (*See id*. 23–24.)  In so doing, Plaintiff makes the strawman argument that deceit or knowing falsity is not a statutory element of a Section 11 claim.  (*See id*. 23, citing *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015)).  That argument is unavailing for two reasons.

*First*, controlling authority holds that sounding-in-fraud Section 11 claims trigger Rule 9(b), even though fraud is not a statutory element.  As the Second Circuit explained in *Rombach v. Chang*, 355 F.3d 165, 171 (2d Cir. 2004)—a case Plaintiff cites (Opp. 23)—Rule 9(b) "is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action."  That is why the Court in *Rombach* ruled that "the heightened pleading standard of Rule 9(b) applies to Section 11 and Section 12(a)(2) claims insofar as the claims are premised on allegations of fraud."  355 F.3d at 171.  And in *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 (2d Cir. 2014)—another case Plaintiff cites (Opp. 23)—the Second Circuit noted that

3

when a Section 11 claim sounds in fraud, "the heightened pleading standard of [Rule] 9(b) applies, requiring that the circumstances of the alleged fraud be set forth in the complaint with particularity."  While Plaintiff argues that the sounding-in-fraud doctrine is limited to Section 11 claims that are coupled with an Exchange Act claim (*see* Opp. 11), he fails to cite any case that states that proposition, and numerous courts have deemed Securities Act claims sounding in fraud even where no Exchange Act claim was joined.  *See, e.g., Ladmen Partners, Inc.,* 2008 WL 4449280, at *11; Zhangmen Reply 2 n.3 (collecting cases).  That is because determining whether Section 11 claims sound in fraud "necessarily requires a case-by-case analysis." *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 631–32 (S.D.N.Y.2007).

*Second*, a long line of authority holds that Rule 9(b) requires that a sounding-in-fraud Securities Act claim plead facts showing a strong inference of scienter.  (*See* UW Mem. 4 (citing *Coronel v. Quanta Cap. Holdings, Ltd.*, 2009 WL 174656, at *15–16 (S.D.N.Y. Jan. 26, 2009); *Caiafa v. Sea Containers Ltd.*, 2008 WL 11516813, at *5 (S.D.N.Y. May 15, 2008), *aff'd*, 331 F. App'x 14 (2d Cir. 2009); *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 635 (S.D.N.Y. 2005), *aff'd sub nom. ECA & Local 135 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187 (2d Cir. 2009); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 95 F. Supp. 2d 169, 174 (S.D.N.Y. 2000); *Geiger v. The Solomon-Page Grp., Ltd.*, 933 F. Supp. 1180, 1189–90 (S.D.N.Y. 1996))).  Consistent with that well-established precedent, the court in *In re Chembio Diagnostics, Inc. Sec. Litig.*, 2022 WL 2872671, at *7 (E.D.N.Y. July 21, 2022), recently rejected the argument that sounding-in-fraud Securities Act claims cannot

4

be dismissed for failure to plead scienter, noting that "courts in this circuit have consistently applied *Rombach* to dismiss Securities Act claims that sound in fraud but fail to plead scienter."  Moreover, Plaintiff has no answer for the court's statement in *Hallwood Realty Partners* that scienter is always "at issue" in securities cases where Rule 9(b) applies.  95 F. Supp. 2d at 174 ("Rule 9(b) requires that all averments of fraud be stated with particularity.  In this circuit, that long has meant the plaintiff must allege with particularity the circumstances constituting the fraud and scienter.").

Plaintiff argues that these cases did not address the Supreme Court's *Omnicare* decision (Opp. 23), but that decision is irrelevant to this analysis.  *First*, the issue before the Court was not whether Rule 9(b) applied, let alone what would satisfy that pleading requirement in the Section 11 claim context.  Rather, the Court laid out the standard for what qualifies as a statement of "opinion" in an offering document, and what a plaintiff must plead and prove to state a Section 11 claim when challenging a qualifying opinion statement.  *Second*, the Court in a passage Plaintiff quotes (*id.* at 10, 23) stated that a Section 11 plaintiff need not "prove" scienter, *Omnicare*, 575 U.S. at 179; but as noted above, that begs the question of what a plaintiff must plead under Rule 9(b) when he *chooses to plead* that the Section 11 claim defendants intended to deceive.  Numerous cases in this Circuit—both before and after *Omnicare*—directly address that issue, and nothing in *Omnicare* is contrary to those holdings.  *Third*, the Court recognized that the plaintiffs there "do not contest that Omnicare's opinion [that it was obeying the law] was honestly held," noting that the complaint "explicitly excludes and disclaims any allegation sounding in fraud or deception."  *Id.* at 186.  Thus, the Court was not

5

addressing a sounding-in-fraud Section 11 claim, like the one here, that alleges that "the true scope and effect of these proposed measures [on the after-school tutoring industry] were known to but undisclosed by Defendants" (AC ¶ 41), and that Zhangmen "falsely describe[d]" its belief regarding its ability to obtain a private school operating permit and "subjectively perceived difficulties and wanted to get the offering done before those difficulties crystalized" (Opp. 20; *see also* UW Mem. 2 (citing and quoting AC ¶¶ 68, 70 ("Defendants did perceive at least the reasonable likelihood that there would be a material obstacle [to obtaining an operating permit]" and "were attempting to ensure the IPO closed before that obstacle materialized."))).  *Fourth*, the Court in footnote 11 (cited in Opp. 10–11, 23) was addressing Justice Scalia's view—which the majority rejected as too narrow—that a false opinion statement requires that the speaker "subjectively intends the deception."  *Omnicare*, 575 U.S. at 192 n.11.  The Court in no way stated, as Plaintiff suggests, that subjective disbelief of a stated opinion would not amount to fraud or deceit (which the Court recognized elsewhere in the decision it would).

Plaintiff appeals to Rule 9(b)'s text in a final attempt to negate the avalanche of cases requiring scienter pleading for sounding-in-fraud Section 11 claims.  (Opp. 23–24.) But that bid likewise runs head-long into controlling authority.  As the Second Circuit long ago explained, "[a]lthough scienter need not be alleged with great specificity [under Rule 9(b)], plaintiffs are still required to plead the factual basis which gives rise to a strong inference of fraudulent intent."  *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990); *see also Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) ("Because we must not mistake the relaxation of Rule 9(b)'s specificity requirement

regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations, . . . plaintiffs must allege facts that give rise to a strong inference of fraudulent intent.") (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995)).  Here, Plaintiff alleges that Defendants knew the "true scope and effect" of the post-IPO restrictions and "wanted to get the offering done before those difficulties crystalized."  (AC ¶ 41; Opp. 20; *see* UW Mem. 2.)  Yet Plaintiff alleges no facts to support that serious accusation of fraudulent conduct.

This basic scienter pleading requirement is also consistent with a core purpose of Rule 9(b)—to protect a defendant's reputation from baseless fraud allegations.  *See, e.g., Rombach*, 355 F.3d at 171 (Rule 9(b) serves to "provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit") (citing *O'Brien v. Nat'l Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991)); *see also Arnold Chevrolet LLC v. Trib. Co.*, 2007 WL 2743490, at *4 (E.D.N.Y. Sept. 17, 2007) (recognizing in dismissing Section 11 claim that Rule 9(b)'s "heightened pleading requirement is designed to provide defendants with notice to enable preparation of their defense and protect defendants against harm to their reputation or goodwill"); *In re Corning*, 2004 WL 1056063, at *9 (W.D.N.Y. Apr. 9, 2004) (applying Rule 9(b) to Section 11 claim and recognizing that "[f]raud allegations may damage a defendant's reputation regardless of the cause of action in which they appear"), *aff'd sub nom. In re Corning Inc. Sec. Litig.*, 2005 WL 714352 (2d Cir. Mar. 30, 2005).  Loosening Plaintiff's Rule 9(b) pleading burdening for sounding-in-fraud Securities Act claims would risk

7

harming the Underwriter Defendants' strong reputations, as well as those of similarly situated investment banks participating in public securities offerings. *See S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 113 (2d Cir. 2009) (affirming dismissal of claims against third-party investment advisor, noting that while "plausible to infer that [advisor] had been negligent in failing to discover the truth," far less plausible to infer that advisor "would deliberately jeopardize its standing and reliability, and the viability of its business"); *In re WRT Energy Sec. Litig.*, 1999 WL 178749, at *9 (S.D.N.Y. Mar. 31, 1999) ("[I]t would be unlikely for the Underwriter Defendants to risk their reputations in order to generate fees likely amounting to only a small percentage of their annual revenues."); *see also DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990) (Easterbrook, J.) ("An accountant's greatest asset is its reputation for honesty, followed closely by its reputation for careful work.  Fees for two years' audits could not approach the losses E & W would suffer from a perception that it would muffle a client's fraud.").

Because Plaintiff has indisputably failed to plead scienter, the AC must be dismissed against the Underwriter Defendants, and all Defendants.  *See Coronel*, 2009 WL 174656, at *15–17 (dismissing Securities Act claims against all defendants, including underwriter defendants, for failing to satisfy Rule 9(b) pleading requirements); *Ladmen Partners*, 2008 WL 4449280, at *12–17 (same); *Geiger*, 933 F. Supp. at 1189–92 (same); *see also In re Gentiva Sec. Litig.,* 932 F. Supp. 2d 352, 394 (E.D.N.Y. 2013) ("[T]he Court now finds that the Plaintiff has failed to comply with Rule 9(b) with regard to the Section 11 claim, because it expressly disclaims all allegations of scienter and

8

recklessness.  The Defendants' motion to dismiss the Section 11 claims is therefore

granted.").

## CONCLUSION

For the reasons set forth above and in the Underwriters' Brief, Zhangmen Brief,

and Zhangmen Reply, the Court should dismiss the claims against the Underwriter

Defendants with prejudice.

Dated: September 9, 2022                        O'MELVENY & MYERS LLP

By:  /s/ *Jonathan Rosenberg*

Jonathan Rosenberg
jrosenberg@omm.com
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

William K. Pao (admitted *pro hac vice*)
wpao@omm.com
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendants Morgan
Stanley & Co. LLC, and Credit Suisse
Securities (USA) LLC.*

9